# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| SANTIAGO VALDIVIA-PEREZ,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. C 08-4006-MWB<br>(No. CR 02-4107-MWB)<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S § 2255 MOTION** |

_____

## TABLE OF CONTENTS

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. The Petitioner's Criminal Proceedings* . . . . . . . . . . . . . . . . . . . . 2
   *B. The Petitioner's § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . 4

*II. PRELIMINARY MATTERS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*III. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
   *A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . 6
   *B. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . . 8
      1.    *Applicable Standards* . . . . . . . . . . . . . . . . . . . . . . . . 8
      2.    *Failure To Investigate* . . . . . . . . . . . . . . . . . . . . . . . 11
      3.    *Failure to Object To Enhancement* . . . . . . . . . . . . . . . . . . . 12
   *C. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*IV. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## I. INTRODUCTION

This case is before the court on petitioner Santiago Valdivia-Perez's Pro Se Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 1), filed on January 25, 2008. Valdivia-Perez claims that his trial counsel failed to adequately investigate and prepare for his re-sentencing hearing, and failed to object to application of an enhancement based on conduct of which Valdivia-Perez had previously been acquitted.

### A. *The Petitioner's Criminal Proceedings*[1]

On November 21, 2002, Valdivia-Perez was charged by a two count indictment (docket no. 1) with conspiracy to distribute 500 grams or more of methamphetamine and with knowingly using and carrying a firearm during and in relation to a drug trafficking crime. Valdivia-Perez appeared before United States Chief Magistrate Judge Paul A. Zoss on December 16, 2002, and pled not guilty to both charges in the indictment. See docket no. 6. On June 23, 2003, the government filed a superseding indictment (docket no. 32), charging Valdivia-Perez, in count one, with conspiracy to distribute 500 grams or more of a mixture of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A), and with conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C), all in violation of 21 U.S.C. § 846. Count two charged Valdivia-Perez with knowingly using and carrying firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Valdivia-Perez appeared before Judge Zoss on

---

[1] The petitioner's criminal case number is CR02-4107. Docket entries cited under this section are associated with this case number.

July 1, 2003 and pled not guilty to both counts of the superseding indictment. *See* docket no. 39.

A jury trial on both counts commenced on August 25, 2003. *See* docket no. 62. The jury returned a verdict on August 27, 2003, finding Valdivia-Perez guilty on count one and not guilty on count two. *See* docket no. 67. Valdivia-Perez was sentenced by the undersigned on November 25, 2003. *See* docket no. 85. Valdivia-Perez was sentenced to life on count one of the superseding indictment. *See* docket no. 86. The undersigned rejected an obstruction of justice enhancement, finding a total offense level of 44, a criminal history category of IV, resulting in a life sentence pursuant to the Sentencing Guidelines. *See* docket no. 91. The court recognized that the life sentence was not a statutorily mandated life sentence, but applied the Guidelines in a mandatory manner. *See* docket no. 91.

Valdivia-Perez filed a Notice Of Appeal (docket no. 89) to the United States Eighth Circuit Court of Appeals on December 4, 2003. On appeal, Valdivia-Perez argued that the district court erred in increasing his base offense level for possession of a weapon in furtherance of illegal activity and in failing to use the disparity with his co-conspirators' sentences as a basis for a downward departure. *See* docket no. 101. In light of the then-recent ruling in *United States v. Pirani*, 406 F.3d 543 (8th Cir. 2005) (en banc)(remand for re-sentencing proper because although the district court labored under the belief that the Guidelines were mandatory, the court was now free, in light of *United States v. Booker,* 543 U.S. 220 (2005), to exercise its discretion, reviewing the advisory Guidelines together with other sentencing goals), the Eighth Circuit Court of Appeals vacated Valdivia-Perez's sentence and remanded for re-sentencing applying the guidelines in an advisory manner and considering all of the factors in 18 U.S.C. §3553(a).

Valdivia-Perez appeared for re-sentencing before the undersigned on September 7, 2005. *See* Docket no. 108. Valdivia-Perez's Motion For Downward Departure (docket no. 105), was denied and he was re-sentenced to life imprisonment with all terms and conditions of the original sentence remaining unchanged. *See* docket no. 108. Valdivia-Perez filed a second Notice Of Appeal (docket no. 110) to the Eighth Circuit Court of Appeals on September 16, 2005. By Order (docket no. 127 ) of August 28, 2006, the Eighth Circuit Court of Appeals affirmed the sentencing order of the district court. The Eighth Circuit Court of Appeals rejected the argument that a jury's acquittal precludes the district court from considering whether the government proved the same or similar conduct by a preponderance of the evidence for sentencing purposes, when the guidelines are applied in an advisory manner. *See* docket no. 127. The Eighth Circuit Court of Appeals also upheld the district court's two level firearm enhancement based on the district court's determination that there was adequate evidence to support a finding that Valdivia-Perez used or possessed a firearm during the commission of a drug trafficking offense. *See* docket no. 127. Valdivia-Perez filed a Petition for Writ of Certiorari with the Supreme Court of the United States on December 21, 2006. *See* docket no. 130. The Petition for Writ of Certiorari was denied on February 2, 2007. *See* docket no. 131.

## B.  The Petitioner's § 2255 Motion[2]

On January 25, 2008 Valdivia-Perez filed this Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 1)("Motion"). On May 20, 2008 the court granted Valdivia-Perez's Pro Se Motion for

---

[2]The petitioner's § 2255 Motion is case number C08-4006. Docket entries cited under this section are associated with this case number.

Appointment of Counsel. *See* docket no. 7. On October 3, 2008, Valdivia-Perez, by and through counsel, filed a Supplemental Brief In Support of §2255 Motion (docket no. 21). The respondent filed a Response (docket no. 22) on November 21, 2008.

## II. *PRELIMINARY MATTERS*

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C. § 2255. In this case, the court concludes that no evidentiary hearing is required on any issue, because the record conclusively shows that Valdivia-Perez's allegations, if accepted as true, would not entitle him to relief because he can demonstrate no prejudice and further that Valdivia-Perez's allegations cannot be accepted as true because they are contradicted by the record.

Some of Valdivia-Perez's claims appear to be procedurally defaulted, in that they were not raised at trial or on direct appeal. *See Ramey v. United States*, 8 F.3d 1313, 1314 ("Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." (internal citations omitted)); *accord Johnson v. United States*, 278 F.3d 839, 844 ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley*, 523 U.S. at 622, with citations omitted)). However, as noted above, the "cause and

5

prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht*, 403 F.3d at 545. The court will assume, without deciding, that Valdivia-Perez can show "cause and prejudice" to overcome defaulted claims, *inter alia*, as the result of "ineffective assistance" of trial counsel. Therefore, the court will pass on to the merits of Valdivia-Perez's claims for § 2255 relief.

## III. LEGAL ANALYSIS
### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Valdivia-Perez's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal

6

habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have

7

acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Valdivia-Perez's claims for § 2255 relief.

### B. Ineffective Assistance Of Counsel

#### 1. Applicable Standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is

constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, whether or not Valdivia-Perez is entitled to relief on his § 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires

9

the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423

F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

### 2. *Failure To Investigate*

Valdivia-Perez claims, through counsel, that his Sixth Amendment right to effective assistance of counsel was denied when his trial counsel failed to properly investigate 18 U.S.C. § 3553(a) factors for presentation at Valdivia-Perez's re-sentencing. (Supp. Brief at 8). Valdivia-Perez argues that although trial counsel presented oral argument with regard to some 3553(a) factors during the re-sentencing hearing, they were not briefed for the court prior to the hearing. (Supp. Brief at 9). Valdivia- Perez states "[h]ad defense counsel prepared a full briefing on all of the 18 U.S.C. § 3553(a) factors as ordered by the Court of Appeals, Petitioner would have had an opportunity for a sentence in the 360 months to life range rather than the offense level 44 sentence of life. (Supp. Brief at 9).

The respondent asserts that Valdivia-Perez's argument fails because trial counsel made a strategic decision to proceed with what he believed to be the strongest claims he could raise at the re-sentencing hearing. (Supp. Brief at 9). The respondent further argues that Valdivia-Perez was not prejudiced because the court fully considered all relevant § 3553(a) factors and still re-imposed a life sentence. (Supp. Brief at 9-10).

Although Valdivia-Perez asserts that he would have received a lower sentence if his trial counsel had investigated and argued information relevant to the factors appearing in 18 U.S.C. § 3553 (a), he does not specify what information would have been found or

11

should have been argued. Valdivia-Perez has not shown that there is a reasonable probability that, but for counsel's failure to fully brief information and arguments related to the 18 U.S.C. § 3553(a) factors, his sentence would have been different; therefore he has not established prejudice. *See Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877 (prejudice results when there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different). Because Valdivia-Perez cannot establish prejudice, the court does not need to address whether trial counsel's performance was deficient. *See Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)( courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice)." Valdivia-Perez will not be granted relief on these grounds.

### 3. *Failure to Object To Enhancement*

Valdivia-Perez further asserts, through counsel, that he received ineffective assistance when his trial counsel failed to object to application of a sentencing enhancement on the basis of previously acquitted conduct. (Supp. Brief at 10) Vadivia-Perez argues that his trial counsel should have argued, based on *United States v. Booker*, 543 U.S. 220 (2005), that a court has discretion when it is relying on acquitted conduct to determine an appropriate sentence. (Supp. Brief at 11). Valdivia-Perez also asserts that the "plain language of the SRA [Sentencing Reform Act] does not authorize the use of acquitted conduct in calculating the Guidelines Sentence". (Supp. Brief at 11).

Respondent asserts that this claim is barred because it was litigated and decided on direct appeal. (Supp. Brief at 10). Respondent also asserts that this claim fails because the court did not rely solely on acquitted conduct in order to determine that the enhancement was appropriate, but instead relied on broader testimony involving Valdivia-Perez's involvement and interactions with guns and drugs. (Supp. Brief at 11).

12

A claim that has been unsuccessfully raised on direct appeal may not be relitigated on a motion to vacate. *Dall v. United States*, 957 F.2d 571, 572 (8th Cir. 1992). The Eighth Circuit Court of Appeals adversely decided this issue on direct appeal. The Eighth Circuit stated, in regard to this issue, that "This court has already addressed and rejected the argument that a jury's acquittal precludes the district court from considering whether the government proved the same or similar conduct by a preponderance of the evidence for sentencing purposes." *United States v. Valdivia-Perez,* 185 Fed. Appx. 543, 545 (8th Cir. 2006) (citing *United States v. High Elk,* 442 F.3d 622, 626 (8th Cir, 2006); *United States v. Radtke*, 415 F.3d 826, 844 (8th Cir. 2005). As regards Valdivia-Perez 's enhancement specifically, the court held that "The record reflects adequate evidence to support such a finding, and we find no error in the district court's application of the two-level enhancement for possession of a firearm." *Id.* at 545. Valdivia-Perez will not be granted relief on this ground.

### C. *Certificate Of Appealability*

Denial of Valdivia-Perez's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing

of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowerso*x, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Valdivia-Perez has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Valdivia-Perez's claims debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Valdivia-Perez does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

## IV.  CONCLUSION

Upon the foregoing, Valdivia-Perez's Motion Under 28 U.S.C. § 2255 (docket no. 1) is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 17th day of November, 2009.

*Mark W. Bennett*
_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA